**INDUSTRIAL WIRE PRODUCTS, INC., Plaintiff–Appellee,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant–Appellant.**

No. 2008–1445.

United States Court of Appeals, Federal Circuit.

Aug. 25, 2008.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

Industrial Wire Product, Inc. and Costco Wholesale Corporation have responded to our July 17, 2008 order concerning whether this case should be transferred to the United States Court of Appeals for the Eighth Circuit. We consider whether the appeal must be transferred.

Costco Wholesale Corporation filed a notice of appeal in the United States District Court for the Eastern District of Missouri, requesting review by the Eighth Circuit of an order that denied a motion to compel arbitration. However, perhaps because the underlying case involves a claim of patent infringement, the district court clerk's office transmitted the notice of appeal to this court. Fed. R.App. P. 3(d)(1) states that the clerk of the district court "must promptly send a copy of the notice of appeal and of the docket entries ... to the clerk of the court of appeals named in the notice."

Because of the mandatory language of Rule 3(d)(1), we believe we must transfer this appeal to the Eighth Circuit, i.e., the clerk of the district court was required to send the notice of appeal to that court. We do not address the jurisdictional issue that might be presented, i.e., whether or not we would have jurisdiction over this appeal if the appellants had sought review by this court.* Thus, if the Eighth Circuit determines that it does not have jurisdiction, retransfer to this court is not precluded under the law of the case because we have not decided the jurisdictional issue in this case.

Accordingly,

IT IS ORDERED THAT:

The case is transferred to the Court of Appeals for the Eighth Circuit.

---

* However, we note that we have held that we have jurisdiction to review an order denying a motion to compel arbitration in a district court patent infringement case. *Microchip Tech., Inc. v. U.S. Philips Corp.,* 367 F.3d 1350, 1354 (Fed.Cir.2004).